

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00091-CV

_____

IN THE INTEREST OF C.M.L. AND M.P.L., CHILDREN

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-AG-10-001764

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In 1987, Grant M. Lawson was divorced in New York, at which time a trial court there ordered him to pay child support for his two minor children in the amount of $125.00 per week. Over the years, the child-support was modified, Lawson endured a period of unemployment, his children were emancipated, and he moved to Texas. Ultimately, however, Lawson accumulated an arrearage in his child support obligations in the amount of $33,965.40, as confirmed in 2012 in Travis County,[1] Texas. An administrative writ of withholding was subsequently entered to satisfy the arrears. In 2018, the Travis County trial court denied Lawson's pro se motion to withdraw the administrative writ of withholding. On appeal, Lawson contends that the trial court violated his Fourteenth Amendment right to equal protection by failing to apply a New York statute to reduce, or annul much of, the arrearage. We affirm the trial court's judgment because Lawson's arguments are barred by res judicata.

On December 5, 2011, the Office of the Attorney General of Texas, in its role as the support enforcement agency in Texas, *see* TEX. FAM. CODE ANN. § 159.103(b) (West Supp. 2018), had filed a motion to confirm Lawson's child support arrearage in the amount of $33,965.40. In Lawson's pro se answer and supporting brief, he had argued that the arrearage should be $24,565.40 because, under New York law, when his oldest child was emancipated in June 2003, the New York Support Collection Unit should have automatically reduced his child support

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

obligation by fifty percent. Essentially, Lawson claimed he had been overcharged from June 2003 through February 2007, when his youngest child was emancipated, and he had asked the court to give him a credit of $9,400.00 for that overcharge. At the conclusion of the hearing, the trial court found and confirmed, in a cumulative judgment, that Lawson's child support arrearage totaled $33,965.40, granted the attorney general a judgment against Lawson in that amount, and ordered Lawson to pay $100.00 per month until the arrearage was paid in full. The administrative writ of withholding was issued to collect the $100.00 per month from Lawson's income.

Lawson filed a request for de novo appeal of the withholding order. In his request, Lawson argued, for the first time, that, under Section 413, subsection (1)(g), of the New York Family Court Act, the amount of his arrears was limited to $500.00. "Where the non-custodial parent's income is less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services, unpaid child support arrears in excess of five hundred dollars shall not accrue." N.Y. FAM. CT. ACT § 413(1)(g) (McKinney 2016). The trial court denied Lawson's request for de novo appeal because it was not timely filed.

On February 13, 2018, Lawson filed a motion to withdraw the administrative writ of withholding, once again arguing that Section 413, subsection (1)(g), applied to his arrears. In his motion, Lawson argued that he did not attempt to have the arrearage reduced because, due to Section 413, subsection (1)(g), there was never any arrearage in excess of $500.00. The associate judge presiding over the matter denied the motion. Lawson filed a request for de novo appeal, and the State answered.

3

Lawson's de novo appeal was heard by the 200th Judicial District Court of Travis County, Texas, on August 24, 2018. In his trial briefs and in his arguments to the court, Lawson argued, in pertinent part, that Section 413, subsection (1)(g), applied to his arrears, that his Fourteenth Amendment right to equal protection required the trial court to apply the New York law to the case, and that he could challenge the arrears at this stage of the litigation because it was a "constitutionally based attack." The State argued that Texas law applied to the case and that Lawson's claims were barred by res judicata because he was challenging the January 18, 2012, order confirming the child support arrearage, rather than the State's enforcement of the order through the administrative writ of withholding. The trial court denied Lawson's motion and entered findings of fact and conclusions of law. Lawson appealed.

Through several points of error, Lawson contends that the trial denied him equal protection under the Fourteenth Amendment by failing to apply Section 413, subsection (1)(g), to his arrearage.

Res judicata prevents parties and those in privity with them from relitigating a case that a competent tribunal has adjudicated to finality. *Ingersoll–Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206 (Tex. 1999). Res judicata generally bars a claim or defense that, through diligence, could have been litigated in the earlier suit, but was not. *Id*. at 206–07; *Getty Oil v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 798 (Tex. 1992). "The doctrine is intended to prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Ingersoll–Rand Co.*, 997 S.W.2d at 207. Res judicata "requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties

4

or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

Here, Lawson's argument that Section 413, subsection (1)(g), of the New York Family Court Act limits his arrears to $500.00 is an attack on the January 18, 2012, order confirming his arrearage. The January 18, 2012, order is a final judgment because the 200th Judicial District Court was a court of competent jurisdiction, and Lawson did not appeal from its judgment. TEX. FAM. CODE ANN. §§ 159.102(24), (29), 159.103(a), 159.305(b)(4) (West Supp. 2018). Both Lawson and the State were parties to the January 2012 arrearage proceeding and the August 2018 administrative writ proceeding. Lawson could have raised the New York statutory challenge during the January 2012 proceeding, but he did not.[2] Therefore, under the doctrine of res judicata, Lawson is barred from making that challenge in this administrative writ proceeding. *See Ingersoll–Rand Co.*, 997 S.W.2d at 206–07; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d at 652.

Lawson contends that his claim is not barred by res judicata because Section 606 of the Uniform Interstate Family Support Act (UIFSA), codified in Texas as Section 159.606 of the Texas Family Code, allows him to make a constitutionally based challenge to the arrearage at any time. He claims to have raised a constitutionally based challenge because he argued at trial and on appeal that the trial court violated his constitutional right to equal protection by refusing to

---

[2]Citing several cases, Lawson argues that, at the time of the January 2012 proceeding, he was not viewed as an equal in the eyes of the law because of his sexual orientation and that, because there have been significant changes in the law since 2012, primarily the legalization of homosexual marriage by *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), his claims in this case are not limited by res judicata. However, neither Lawson's argument nor the cases he cites explain why Lawson failed to raise the New York statute during the January 2012 arrearage proceeding.

apply the New York statute in this case.[3]  Statutory construction is a question of law "which is reviewed de novo to ascertain and give effect to the Legislature's intent."  *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009).  When reviewing a statute, the court first looks to the plain meaning of the statute's words.  *Id.*

Section 159.606 states, in its entirety:

(a)  A nonregistering party seeking to contest the validity or enforcement of a registered support order in this state shall request a hearing within the time required by Section 159.605. The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages under Section 159.607.

(b)  If the nonregistering party fails to contest the validity or enforcement of the registered support order in a timely manner, the order is confirmed by operation of law.

(c)  If a nonregistering party requests a hearing to contest the validity or enforcement of the registered support order, the registering tribunal shall schedule the matter for hearing and give notice to the parties of the date, time, and place of the hearing.

TEX. FAM. CODE. ANN. § 159.606 (West Supp. 2018).  Nothing in the statute allows a contesting party to raise a constitutionally based challenge at any time.  To the contrary, Section 159.606 requires, first, that a contesting party request a challenge hearing within twenty days of receiving notice of the registered order and, second, that the contesting party prove one or more of the defenses listed in Section 159.607(a).  TEX. FAM. CODE. ANN. §§ 159.605(b)(2), 159.606(a),

---

[3]Specifically, Lawson argues that a comment to Section 606 of the UIFSA states that "a constitutionally-based argument may always be asserted."  However, the comments do not constitute binding law because the Texas Legislature did not adopt the comments when adopting the UIFSA.

159.607(a) (West Supp. 2018).  The record in this case does not establish that Lawson fulfilled either of those requirements.  Accordingly, we overrule Lawson's points of error.

We affirm the trial court's order denying Lawson's motion.


Josh R. Morriss, III
Chief Justice

Date Submitted:      April 10, 2019
Date Decided:        May 8, 2019